IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAYMOND K. HEDGESPETH, JR.,
BEN F. OLDAKOWSKI, DELBERT CLEVELAND,
BRYAN CAMPBELL and BRANDEN SUSTMAN, et al.,

                      Plaintiffs,

v.

THE STATE OF WISCONSIN,
DEPARTMENT OF HEALTH SERVICES and
ALL EMPLOYEES CONNECTED TO THE
COMMITMENT OF CHAPTER 980 AND ALL
THE PATIENTS SO CONFINED,

                      Defendants.

ORDER

13-cv-167-bbc

---

      Plaintiffs are patients who have been civilly committed as "sexually violent persons" under Wisconsin Statutes Chapter 980 and have filed a proposed complaint alleging violations of their constitutional rights.  Plaintiffs have not paid the $350 filing fee and request leave to proceed *in forma pauperis*.

      This court uses one method for determining the indigent status of all institutionalized persons, even those like plaintiffs who are not subject to the 1996 Prison Litigation Reform Act. *See Longbehn v. United States*, 169 F.3d 1082 (7th Cir. 1999).  From a six-month resident account statement covering the full six-month period immediately preceding the filing of the plaintiff's complaint, the court calculates two amounts, 20% of the plaintiff's average monthly income and 20% of the plaintiff's average monthly balance.  Whichever amount is greater is the amount the plaintiff will have to prepay toward the $350 filing fee.  He will qualify for indigent status with respect to the remainder of the fee.  (The *in forma pauperis* statute does not permit a court to waive entirely a plaintiff's obligation to pay filing fees.  All it does is allow a court to grant qualifying individuals leave to proceed without *prepaying* some or all of the filing fee.)

Each plaintiff must provide a copy of his six-month resident account statement if he intends to pursue his request for leave to proceed *in forma pauperis*. Because plaintiffs' complaint was submitted on March 5, 2013, the resident account statements should cover the period beginning approximately September 5, 2012 and ending approximately March 5, 2013. If any plaintiff fails to submit the required statement within the deadline set below, then I will assume he does not wish to proceed with this action and he will no longer be considered a party to the case.

ORDER

IT IS ORDERED that a decision whether plaintiffs may proceed *in forma pauperis* is STAYED until April 5, 2013, by which date each plaintiff must submit a resident trust fund account statement for the period beginning approximately September 5, 2012 and ending approximately March 5, 2013. If, by April 5, 2013, any of the plaintiffs fails to submit the required statement, that plaintiff will be considered to have withdrawn from the lawsuit voluntarily and will be dismissed from the case.

Entered this 14th day of March, 2013.

BY THE COURT:

*s/ Peter Oppeneer*
PETER OPPENEER
Magistrate Judge

2