IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RAYMOND K. HEDGESPETH, JR.,
BEN F. OLDAKOWSKI, DELBERT CLEVELAND,
BRYAN CAMPBELL and BRANDEN SUSTMAN, et al.,

                                Plaintiffs,

     v.

THE STATE OF WISCONSIN,
DEPARTMENT OF HEALTH SERVICES and
ALL EMPLOYEES CONNECTED TO THE
COMMITMENT OF CHAPTER 980 AND ALL
THE PATIENTS SO CONFINED,

                                Defendants.

ORDER

13-cv-167-bbc

_____

In response to this court's March 14, 2013, order, plaintiffs have submitted certified copies of their six-month resident account statements so that I can determine whether they qualify for indigent status and, if they do, calculate an initial partial payment of the $350 fee for filing this case. In addition, I cautioned plaintiffs about the consequences of prosecuting this lawsuit together. I gave plaintiffs until April 5, 2013, to advise the court whether each of them wishes to prosecute this action jointly.

Although plaintiffs did not specifically advise the court in writing whether they wish to prosecute this action jointly, I will construe it is their intention to do so because they have each provided the court with a resident account statement so that I may calculate their initial partial payments of the filing fee. As mentioned in the March 14, order, the initial partial payment is calculated by using the method established in 28 U.S.C. § 1915, that is, by figuring 20% of the greater of the average monthly balance or the average monthly deposits to the plaintiff's trust fund account statement.

Once plaintiffs pay the amount I have determined they are able to prepay, that is just the first step in obtaining leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. After the court

receives their payments, the court will take plaintiffs' complaint under advisement for a determination under § 1915(e)(2) whether the action, or any portion of it, must be dismissed as frivolous or malicious, for failure to state a claim on which relief may be granted or because plaintiff seeks monetary relief against a defendant who is immune from such relief.

From plaintiff Raymond Hedgespeth's statement, I have calculated his initial partial payment to be $21.55.

From plaintiff Ben Oldakowski's statement, I have calculated his initial partial payment to be $23.44

From plaintiff Delbert Cleveland's statement, I have calculated his initial partial payment to be $12.17.

From plaintiff Bryan Campbell's statement, I have calculated his initial partial payment to be $16.15.

From plaintiff Branden Sustman's statement, I have calculated his initial partial payment to be $13.61.

Plaintiffs should show a copy of this order to treatment facility officials to insure that they are aware they should send plaintiffs' initial partial payments to this court.

With respect to future filings in this case, plaintiffs should be aware of the rules governing communications with the court and parties to the lawsuit. Those rules are listed in a book titled "Federal Civil Judicial Procedure and Rules." In particular, plaintiffs are directed to Rule 5, which requires that every piece of paper in connection with a lawsuit be served on each party, and Rule 11, which requires a signature on every pleading, written motion and other paper. Plaintiffs are equally responsible for the prosecution of this lawsuit. Any document that purports to state the position of the plaintiffs must be signed by all of the plaintiffs. If a plaintiff

intends to file a document on his behalf only, that plaintiff must provide a copy of the document to the other plaintiffs and indicate that he has served all parties in the case, or his filing will not be considered.

ORDER

IT IS ORDERED that

1. Plaintiff Raymond Hedgespeth may have until April 30, 2013, in which submit $21.55 as an initial partial payment of the $350 fee for filing this case. If, by April 30, 2013, plaintiff Hedgespeth fails to make the necessary initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily.

2. Plaintiff Ben Oldakowski may have until April 30, 2013, in which submit $23.44 as an initial partial payment of the $350 fee for filing this case. If, by April 30, 2013, plaintiff Oldakowski fails to make the necessary initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. .

3. Plaintiff Delbert Cleveland may have until April 30, 2013, in which to submit $12.17 as an initial partial payment of the $350 fee for filing this case. If, by April 30, 2013, plaintiff Cleveland fails to make the necessary initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily.

4. Plaintiff Bryan Campbell may have until April 30, 2013, in which to submit $16.15. as an initial partial payment of the $350 fee for filing this case. If, by

April 30, 2013, plaintiff Campbell fails to make the necessary initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily.

5. Plaintiff Branden Sustman may have until April 30, 2013, in which to submit $13.61 as an initial partial payment of the $350 fee for filing this case. If, by April 30, 2013, plaintiff Sustman fails to make the necessary initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily.

Entered this 8th day of April, 2013.

                                        BY THE COURT:

                                        /s/
                                        PETER OPPENEER
                                        Magistrate Judge